CHRISTINA RINSCHLER, PROSECUTOR, v. MAYOR, ETC., OF THE BOROUGH OF ALPINE, DEFENDANTS.

Submitted January term, 1927—Decided March 7, 1927.

Municipalities—Ordinances—Ordinance to Cancel All Assessments Made Under an Ordinance Providing For a Particular "Local" Improvement to a Street—Ordinance Clearly Illegal Because it Attempts to Vary the Provisions of the Ordinance Authorizing the Improvement—Also in Violation of Spirit of Home Rule Act Relating to the Approval by the Chief Executive of Disbursement of Moneys.

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Wright, Vander Burgh & McCarthy.*

For the defendants, *Frederick W. Mattocks.*

22

PER CURIAM.

The *certiorari* was allowed in this case to review a resolution of the borough council of the borough of Alpine, dated May 7th, 1926. The record is silent as to the approval of the resolution by the mayor. Let that be as it may, the resolution is clearly illegal and must be set aside. The resolution seeks to cancel all assessments made for the improvement of Miles street and to return moneys paid for such improvement by the property owners assessed along said street, levied under an ordinance No. 26, approved August 4th, 1922. As stated, this resolution is clearly illegal, because it attempts to vary the provisions of that ordinance, providing for the improvement of Miles street, as a *local* improvement. It is also in violation of the spirit, if not within the precise terms, of the statute. *Pamph. L.* 1917, *art.* 14, *p.* 357, § 5. "No money shall be paid by any officer of any municipality to any person, firm or corporation until such payment shall have been approved by the mayor or other chief executive of the municipality." The resolution of May 7th, 1926, brought under review by the *certiorari*, is set aside, with costs.